## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG, | : | |
| | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  19-39 |
| | : | |
| STARS AND STRIPES CHIMNEY | : | |
| SERVICES, LLC, et al, | : | |
| | : | |
| *Defendants*. | : | |

**AND NOW**, this 26th day of July, 2019, upon consideration of the Complaint (Doc. No. 1), the Motion for Default Judgment (Doc. No. 9), Plaintiff's Status Report (Doc. No 11), and the Defendants' failure to contest the Motion for Default Judgment, it is **ORDERED** that the Motion for Default Judgment (Doc. No. 9) is **GRANTED** as follows:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 under federal question jurisdiction, given that the claims arise under 47 U.S.C. 227 and 47 C.F.R. 64.

B.     The Defendants were properly made parties to this action by effective service of the complaint and summons pursuant to Fed. R. Civ. P. 4. (*See* Summons Returned Executed, Doc. Nos. 5 & 6).

C.     There is a sufficient basis in the pleadings for a judgment to be entered, because in the complaint, Mr. Perrong alleged twelve violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.  The Clerk of the Court entered default on January 29, 2019.  Given that default was entered and the Defendants have declined to contest the allegations in the complaint, the Court accepts as true the well-pleaded factual allegations of the plaintiff's complaint and treats those allegations as though they were established by proof, except those relating to damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

D.      The Court must consider three factors before entering default judgment: "'(i) whether the plaintiff will be prejudiced if the default is denied, (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct.'" *Eastern Electric Corp. of New Jersey v. Shoemaker Construction Co.*, 657 F. Supp. 2d 545, 551 (E.D. Pa. 2009) (quoting *Spurio v. Choice Security Systems, Inc.*, 880 F. Supp. 402 (E.D. Pa. 1995)).  In this matter, the Court concludes that the three factors weigh in favor of granting default judgment.

1.   Mr. Perrong will be prejudiced by the denial of default judgment, as he has not received the relief required under the statute.

2.   Stars and Stripes Chimney Services and Mr. Martin have failed to assert any defenses (much less meritorious defenses) that would bar Mr. Perrong's claims.  Accordingly, the Court considers that the Defendants' lack of meritorious defense weighs in favor of granting default judgment.

3.   Failure to respond to an adversary's claims "qualifies as culpable conduct with respect to the entry of default judgment." *Eastern Electric Corp.*, 657 F. Supp. 2d at 554.  The Court concludes that the default in this matter resulted from the Defendants' failure to contest Mr. Perrong's claims, which constitutes culpable conduct.

E.      In light of Stars and Stripes Chimney Services and Mr. Martin's failure to respond, Mr. Perrong is entitled to the following:  $6,000 in statutory damages for violations of the Telephone Consumer Protection Act by Defendants.[1]

---

[1]      Mr. Perrong alleged 12 total violations by Defendants.  At $500 per violation, which is the statutory minimum, Mr. Perrong is entitled to $6,000.  In a July 23, 2019 Status Report (Doc. No. 11), Mr. Perrong withdrew his request for treble damages.  Mr. Perrong's Motion for Default Judgment also requests $1,000 for fees and costs.  Because Mr. Perrong has not cited any legal

The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

basis for or evidence in support of his claim for fees and costs, the Court does not grant any such award.